IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

**LINDA WILLIAMS and**
**MARK J. WILLIAMS,**

    **Plaintiffs,**

**v.**

**ERIOLA PENGO,**

    **Defendant.**

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs LINDA WILLIAMS and MARK J. WILLIAMS file this their Original Complaint complaining of defendant ERIOLA PENGO, respectfully showing:

### I. INTRODUCTION

1. This personal injury case arises from the reckless and dangerous snowboarding of defendant Eriola Pengo. Plaintiff Linda Williams was skiing at the Telluride Ski Area in March 2023 when she was violently struck from behind/uphill by Pengo. Williams suffered traumatic personal injuries as a result of Pengo's collision into her – injuries which required surgery followed by lengthy and intensive physical therapy and rehabilitation efforts. Linda Williams and her husband Mark are suing Pengo for both economic and non-economic damages. This Court has federal diversity jurisdiction over these claims and causes of action because there is diversity of citizenship of the parties and the amount in controversy (exclusive of interest and costs) exceeds $75,000.

1

## II. Parties

2. Plaintiff Linda Williams ("Linda") is an individual residing in Austin, Travis County, Texas. She is (and was at all times relevant to the claims and causes of action asserted herein) a citizen of the State of Texas.

3. Plaintiff Mark J. Williams ("Mark") is an individual residing in Austin, Travis County, Texas. Mark is Linda's husband. He is (and was at all times relevant to the claims and causes of action asserted herein) a citizen of the State of Texas. (Linda Williams and Mark Williams are collectively referred to herein as "Plaintiffs" or "the Williamses.")

4. Defendant Eriola Pengo ("Defendant" or "Pengo") is an individual residing in Milpitas, Santa Clara County, California. She is (and was at all times relevant to the claims and causes of action asserted herein) a citizen of the State of California. Pengo can be served with summons at her last known residence at 337 Odyssey Lane, Milpitas, California 95305, or wherever else she may be found.

## III. Jurisdiction and Venue

5. This Court has jurisdiction over this case and these parties.

6. This Court has federal diversity jurisdiction over this case and controversy because *(i)* there is complete diversity of citizenship between the parties (the Williamses are both citizens of Texas; Pengo is a California citizen), and *(ii)* the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

7. This Court has specific personal jurisdiction over Pengo because the claims and causes of action against her arise as a direct result of Pengo's contacts in and with the State of Colorado. Specifically, Pengo was snowboarding at the Telluride Ski Area in Colorado when she negligently collided into Linda Williams and caused Linda's physical injuries and the Williamses'

damages. The exercise of personal jurisdiction over Pengo in Colorado comports with due process and constitutional notions of fair play and substantial justice.

### IV. BACKGROUND FACTS

8. Linda Williams was skiing with family/friends at the Telluride Ski Area around noontime on March 2, 2023. She had stopped in a reasonable and appropriate location with others near Lift 4 at the resort to get in the lift line; the place where she had stopped was easily evident to skiers and snowboarders who were paying attention and in control, as required by rule and law.

9. Pengo was snowboarding at the Telluride Ski Area that day. She was uphill/upslope from the Williamses at the Lift 4 area and was not acting in a reasonable manner nor in compliance with applicable rules and the law. Instead, Pengo was snowboarding at excessive speed, out of control, and not paying attention to others around her. As a proximate result of one or more of her unreasonable and negligent actions, Pengo collided violently into Linda and knocked Linda to the ground.

10. The collision caused Linda to suffer severe and traumatic physical injuries – including but not limited to a massive tear of her right rotator cuff that required major surgery. Ski patrol emergency personnel wrapped Linda's right shoulder in a temporary sling and told Mark that he should immediately take Linda to the Telluride Regional Medical Center. A doctor at the center examined Linda and told the Williamses that Linda's injuries needed to be addressed elsewhere since his facility did not have MRI equipment. Linda was unable to do anything active the remainder of the trip and suffered significant and persisting pain.

11. Upon her return to Austin, Linda saw an orthopedic surgeon and an MRI was performed. It was determined that Linda had a massive tear in her right rotator cuff, and major surgery was necessary to repair the tendons. Linda then spent many months in intensive post-

surgical physical therapy and rehabilitation to try to be able to do at least some of the sports and activities that she had enjoyed prior to the violent collision on the ski slope.

12. The Williamses together have suffered other damages as a result of Pengo's actionable conduct, including (without limitation) medical expenses, loss of multiple pre-paid vacations and excursions as a result of Linda's physical injuries and rehabilitation, and other economic and non-economic damages.

## V.  CAUSES OF ACTION

13. The foregoing paragraphs are incorporated for all purposes as if set forth fully herein.

### **Statutory Negligence**

14. Section 33-44-109 of the Colorado Revised Statutes (part of the Ski Safety Act of 1979 or "the Act") imposes the "primary duty" on an uphill skier "to avoid collision with any person or objects below him" on a ski slope. C.R.S. §33-44-109(2). Pursuant to the Act, the uphill skier has "the duty to maintain control of [his or her] speed and course at all times when skiing and to maintain a proper lookout to avoid other skiers ...". *Id.* Pursuant to Section 33-44-104(1) of the Act, "[a] violation of any requirement of this article shall, to the extent such violation causes injury to any person ... constitute negligence on the person violating such requirement. *Id.* at §33-44-104(1).

15. Pengo was snowboarding uphill from Linda Williams prior to and all the way up to the collision – *i.e.,* she was the "uphill skier." Pengo was (among other things) snowboarding at excessive speed, out-of-control, failing to maintain a safe course on the slope, and failing to maintain a proper lookout to avoid other skiers when she violently collided into Linda near the lift

4

line – causing Linda to suffer severe physical injuries and the Williamses to suffer myriad damages resulting from the collision. As such, Pengo violated the Act in multiple ways.

16. Pengo was statutorily negligent under the Act. Her negligence was the proximate and/or producing cause of Linda's physical injuries and the Williamses' damages.

17. Pengo's negligence was the sole proximate and/or producing cause of the Williamses' injuries.

**Common-Law Negligence**

18. Pengo owed the Williamses and others on the ski slope a legal duty to ski/snowboard in a reasonably prudent manner or otherwise conform with the standards of care applicable to skiers and snowboarders in Colorado. Pengo breached that duty (or those duties). The Williamses suffered injuries/damages as a result of Pengo's breach(es), and there is a causal relationship between Pengo's breach(es) and the Williamses' injuries and damages.

19. Pengo's negligence was the sole proximate and/or producing cause of Linda's physical injuries and the Williamses' injuries and damages.

## VI. DAMAGES

20. The Williamses have been damaged as a result of the acts, omissions, and/or conduct of Pengo. They seek (without limitation) both actual damages and consequential and/or special damages – specifically including, but not limited to, both economic damages (including medical expenses, lost pre-paid vacations and excursions, and out-of-pocket expenses) and non-economic damages (including pain and suffering, physical impairment, disfigurement, inconvenience, mental and emotional stress and suffering, and impairment of quality of life); exemplary damages as provided by law; reasonable and necessary attorney's fees and costs to the

extent provided by law; and any other damages provided under Colorado law for the claims and causes of action set forth herein.

### VII. Pre- and Post-Judgment Interest

20.     The Williamses are entitled to recover interest for all elements of damages recovered for which the law provides for pre-judgment and post-judgment interest. They request an award of both pre-judgment and post-judgment interest at the maximum lawful and legal rate. *See* C.R.S. §13-21-101(1).

### VIII. Prayer and Request for Relief

WHEREFORE, PREMISES CONSIDERED, plaintiffs LINDA WILLIAMS and MARK J. WILLIAMS pray that defendant ERIOLA PENGO be served with process, be required to answer herein, and that, upon final trial, the Williamses have judgment of, from, and against defendant Pengo for actual damages, consequential and/or special damages, exemplary damages, together with any and all reasonable and necessary attorney's fees allowed under Colorado law for the causes set forth herein, costs of court, pre- and post-judgment interest at the maximum legal rate, and for such other and further relief, both general and special, at law and in equity, to which these plaintiffs may show themselves justly entitled.

`Case No. 1:25-cv-00352-NRN   Document 1   filed 02/03/25   USDC Colorado   pg 7 of 7`

DATED:  February 3, 2025

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

*/s/  Sean E. Breen*

Sean E. Breen
Colorado Bar No. 53074
1900 Pearl Street
Austin, Texas 78705-5408
E-mail: sbreen@howrybreen.com
Phone: (512) 474-7300
Fax: (512) 474-8557

**ATTORNEYS FOR PLAINTIFFS**